1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE PEDRAZA,

11             Plaintiff,                    No. CIV S-10-2719 LKK KJM PS

12        vs.

13   SUTTER COUNTY JAIL, et al.,

14             Defendants.               ORDER

15   _____/

16             Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18   court by Local Rule 72-302(c)(21).

19             Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22             The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915(e)(2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.

5 Neitzke, 490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain

7 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

8 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

9 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

11 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

13 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

14 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

17 Rhodes, 416 U.S. 232, 236 (1974).

18    The court finds the allegations in plaintiff's complaint so vague and conclusory

19 that it is unable to determine whether the current action is frivolous or fails to state a claim for

20 relief.  The court has determined that the complaint does not contain a short and plain statement

21 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

22 policy, a complaint must give fair notice and state the elements of the claim plainly and

23 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

24 must allege with at least some degree of particularity overt acts which defendants engaged in that

25 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

26 /////

1   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

2   file an amended complaint.

3          If plaintiff chooses to amend the complaint, plaintiff must set forth the

4   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

5   Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

6   in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7          The Civil Rights Act under which this action was filed provides as follows:

8          Every person who, under color of [state law] . . . subjects, or
       causes to be subjected, any citizen of the United States . . . to the
9          deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
10         law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

15  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

16  omits to perform an act which he is legally required to do that causes the deprivation of which

17  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18         Moreover, supervisory personnel are generally not liable under § 1983 for the

19  actions of their employees under a theory of respondeat superior and, therefore, when a named

20  defendant holds a supervisorial position, the causal link between him and the claimed

21  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

22  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

23  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

24  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

25  Cir. 1982).

26  /////

3

1    Plaintiff alleges defendants were negligent.  In <u>Estelle v. Gamble</u>, 429 U.S. 97,

2  106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and

3  unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of

4  deliberate indifference to serious medical needs.  A showing of merely inadvertent or even

5  negligent medical care is not enough to establish a constitutional violation.  <u>Estelle</u>, 429 U.S. at

6  105-06; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir.1998).

7    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

9  amended complaint be complete in itself without reference to any prior pleading.  This is

10  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

11  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15    In accordance with the above, IT IS HEREBY ORDERED that:

16    1.  Plaintiff's request to proceed in forma pauperis is granted;

17    2.  Plaintiff's complaint is dismissed; and

18    3.  Plaintiff is granted thirty days from the date of service of this order to file an

19  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

20  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

21  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

22  copies of the amended complaint; failure to file an amended complaint in accordance with this

23  order will result in a recommendation that this action be dismissed.

24  DATED:  October 18, 2010.

25  006/pedraza.ifp-lta

U.S. MAGISTRATE JUDGE

26

4